PbaesoN, J.
 

 We are not at liberty to decide the question of probable cause upon which the case was put by his Honor, because the plaintiff is met
 
 in limine
 
 by the objection that it cannot bo presented in an action of trover.
 

 The objection is fatal. We' are to assume that the affidavit and bond are in due form, and that the attachment was issued by a judge or justice of the peace within his county : If so, the levy and conversion were authorised by'the attachment, and the plaintiff cannot, in “trover,” (the gist of which action is the wrongful conversion,) go behind the attachment and impeach it in a collateral way, on the ground that it was wrongfully sued out: when that is the gravamen, the attachment
 
 *58
 
 must be impeached directly by an action on the case for wrongfully suing it out.
 

 The distinction is this: if an attachment, state’s warrant, or other process be
 
 void, trespass vi et armis
 
 or
 
 trover,
 
 is the proper action; because the process did not authorise the act, and may be treated as a nullity: but if the process be in due form, and is issued by one having jurisdiction, it is an authority for doing the act; consequently an action in which such an act is the
 
 gravamen
 
 cannot be maintained. The injury consists in wrongfully suing out the process, in
 
 consequence
 
 whereof the plaintiff sustained damages : for instance, if a justice of the peace in the county of Eobeson should, while in the county of New Hanover, issue a state’s warrant under which the party is arrested, the action is
 
 trespass vi et a/rmis:
 
 because. the warrant is a nullity. But if such justice issues a state’s warrant in the county of Eobeson, for an offense alleged to have been committed in that county, the party arrested cannot maintain
 
 trespass vi et a/mm,
 
 upon the ground that the warrant was sued out maliciously and without probable cause, for the warrant is not a nullity: it authorised the arrest, and the proper action is
 
 “
 
 case ” for wrongfully suing it out.
 

 All the cases for wrongfully suing out a state’s warrant, attachment or other process, are “ actions on the case.” No precedent is found for any other form of action.
 

 The distinction between teoyee and oase is not a mere formal one : nor is it the objection, taken in this case to the form of action,
 
 technical,
 
 as was said in the argument: In
 
 trover
 
 the measure of damages is the value of the property: In
 
 case
 
 the jury are left to give such damages as will compensate for the injury really sustained, and if
 
 malice
 
 is proven, as well as a want of probable cause, the damages may be vindictive. The case agreed sets out that the defendant had a true debt, and “ had reason to believe, and did believe, that the plaintiff would give bail for the criminal charge under which he had been arrested, forfeit his recognizance, and leave the State;” so the idea of malice is out of the question. If the action had been
 
 case,
 
 it would be for the jury to say whether the plain
 
 *59
 
 tiff bad,
 
 under all the
 
 circumstances, sustained any real loss by reason of the fact that the defendant had sued out an original attachment instead of an ordinary writ, for the purpose of collecting his debt.
 

 Judgment below reversed.
 

 Nonsuit according to the case agreed.
 

 Peb CueiaM.